MERRILL and others, Executors, Respondents, vs. LADENDORF and another, Appellants.

*October 19—November 15, 1904.*

*Mortgages: Foreclosure: Resale: Discretionary orders.*

An application for a resale of property sold on foreclosure, based on inadequacy of the price at which the premises were struck off, is addressed to the sound discretion of the court, and will not be reversed on appeal where the preponderance of the evidence is to the effect that the value of the property is not much above the amount for which it was sold, and that, considering the character of the sale, the price obtained was not inadequate.

APPEAL from an order of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

At a foreclosure sale made March 7, 1904, the land was

bid in by Henry J. Pauly for $8,500, which was sufficient to satisfy the judgment and the expenses of executing the same and leave a surplus of $268.02. When the report of sale was presented for confirmation the parties, whose interests in the property would be fully extinguished by such confirmation,—*Christina Magdalena Ladendorf,* an insane person possessed of a life estate, and *Christina Tietjen,* possessing an estate in remainder,—appeared and applied to have such sale set aside and a resale ordered, because of inadequacy of the price obtained, and because they were not represented at the sale to protect their interest, on account of excusable inadvertence. The petition on behalf of such life tenant was made by her guardian. It stated upon information and belief that the value of the property was $15,000, and that the petitioner knew, upon a resale more than $8,500 could be obtained therefor. The petition on behalf of the person interested in remainder stated on information and belief that the property was worth $20,000. The only excuse given in the first petition for the failure of the life tenant to be represented at the sale was that her guardian was then confined to his house by sickness. No excuse was given as to the other party. There was opinion evidence in support of the application, that the value of the property was $11,250. In opposition thereto there was proof that such guardian was not sick on the day of the sale, or confined to his house for any reason, but was about attending to his business. There was also opposing opinion evidence by one person that the value of the property was $10,000; by another that it was $11,250; by another that it was $8,750, and that a judicial sale thereof for $8,500 was a good one of the kind; and by another that the value of the property at the most was $9,000, and that a compulsory sale thereof at $8,500 was fair. There was further evidence that the value of the property was largely speculative. The application for a resale was denied and the appellants appealed.

The cause was submitted on the brief of *W. O. Thomas,* for the appellants, and on that of *Austin, Fehr & Gehrz,* for the respondents.

MARSHALL, J.   No certain proof was offered in support of the application, that a resale of the property would produce a sufficient sum in excess of the amount previously bid to make a resale beneficial to the petitioners.   The statement in one of the petitions that it would sell for more than $8,500 at a resale might be true and the difference not sufficient to pay the costs of the second sale.   If it were true that there was credible evidence that the value of the property was considerably in excess of $8,500, that might or might not indicate a fair probability that more than such sum could be obtained at a judicial sale.   Moreover, in our judgment, the preponderance of evidence, upon which the trial judge acted, is to the effect that the value of the property was not much above the amount for which it was sold, and that, considering the character of the sale, the price obtained therefor was not inadequate.

The excuse given by the guardian of the life tenant for not being present at the sale was very clearly disproved.

In view of the foregoing and that the application was addressed to the sound discretion of the court, it does not seem that there is much room for argument as to whether the order complained of should be affirmed.   We are unable to discover any good ground for saying that the trial court abused its discretion.   Moreover, it seems pretty clear from the record, as an original proposition, that the conclusion reached below was right.   The order appealed from must be affirmed.

*By the Court.*—So ordered.